**Jack Kenneth BROWN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17639.**

United States Court of Appeals
Fifth Circuit.

May 26, 1959.

Jack Kenneth Brown, in pro. per.

Ralph Kennamer, U. S. Atty., Mobile, Ala., for appellee.

Before RIVES, CAMERON and JONES, Circuit Judges.

PER CURIAM.

Proceeding under 28 U.S.C.A. § 2255, the appellant moved the district court to vacate and set aside a sentence which that court had imposed upon the appellant for several violations of 18 U.S.C.A. § 912, falsely assuming or pretending to be an officer or employee of the United States, and of 18 U.S.C.A. § 2314, transporting stolen goods, securities, or monies in interstate commerce, or articles used in counterfeiting. Appellant's motion claimed that the district court lacked jurisdiction to enter judgment and sentence because the defendant was de facto insane at the time of trial and conviction and was mentally incompetent to assist counsel in his defense. The motion further claimed that the defendant was insane at the time of the commission of the alleged offenses and could not distinguish between right and wrong.

A "Statement of the Case" filed in support of the motion reads as follows:

"In November, 1955, defendant was removed from the United States Penitentiary, Leavenworth, Kansas, and was arraigned before this Court

on a several count indictment which charged several violations of 18 U.S. C.A. 912, and 18 U.S.C.A. 2314. Upon arraignment, defendant entered a plea of not guilty and a few days later the case went to trial and jury. Upon a jury finding of guilty, defendant was given an additional sentence in the custody of the Attorney General. Defendant was, so the records indicate, returned to the Leavenworth prison; and, about three months later, defendant was confined to the neuropsychiatric ward of the Leavenworth prison hospital as a person suspected to be of unsound mind. A few weeks later, defendant was declared to be insane, and was ordered transferred to the Medical Center for Federal Prisoners, Sprinfield (sic), Missouri wherein he is presently confined. Defendant has now been declared insane for almost three years, which, *per se*, indicates defendant has been mentally ill for a long period of time; that he apparently suffers from a mental illness that has developed over a long period of time; and which, incidentally, indicates defendant was both *non compos mentis*, and incompetent at the time of appearance and trial before this Court."

Without a hearing, the district court denied the motion.

■■■ Under the authorities,[1] it is now established that the question of insanity at the time of trial may be raised on a Section 2255 motion, and the judgment of the district court is therefore reversed and the cause remanded for a hearing on the sanity of the movant at the time of his trial.

Reversed and remanded.

[1]. Bishop v. United States, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Gregori v. United States, 5 Cir., 1957, 243 F. 2d 48; Simmons v. United States, 8 Cir.,

1958, 253 F.2d 909; cf. Massey v. Moore, 1954, 348 U.S. 105, 75 S.Ct. 145, 99 L. Ed. 135.