**Norman Lee PLEDGER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7956.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 3, 1959.

Decided Nov. 6, 1959.

Charles Cahn, II, Baltimore, Md. (Court-appointed counsel) for appellant.

W. F. Powers, Jr., Asst. U. S. Atty., Norfolk, Va. (Joseph S. Bambacus, U. S. Atty., Richmond, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and R. DORSEY WATKINS, District Judge.

PER CURIAM.

After the appellant was sentenced on May 18, 1955, to serve five years in the penitentiary for violation of the Harrison Narcotic Act (26 U.S.C.A. § 4705), he made several attacks under Title 28 U.S.C.A. § 2255 against the judgment and sentence. In response to his latest effort, a motion asking the District Court to vacate and set aside the judgment and sentence, an order was signed granting a hearing limited to the sole issue of the petitioner's sanity at the time of trial and sentencing. Later orders referred to this hearing as being on the question

**70**

of mental competency, which would be broad enough to include incompetency from whatever cause; but it is quite possible that this was not fully understood by Pledger. Counsel was appointed for the petitioner, and the court arranged to make necessary medical records available to the attorney and to provide for any necessary travel expense he might incur.

The petitioner maintains that he did not wish to raise any issue of sanity, but intended to assert his mental incompetency at the trial and his inability to cooperate intelligently in his defense, by reason of the alleged administration to him of narcotic drugs by Government agents. The appellant's earlier petitions were not as clear as they might be on this point. However, after the passage of the order for a hearing limited to the question of sanity, the appellant wrote the District Judge that he had furnished .the court-appointed counsel with information in support of the claim that his condition was due to drugs. The petitioner's letter concluded as follows:

> "If Mr. Daugherty [the court-appointed lawyer] will be kind to ask the Court for a hearing on this, [mental incompetency at trial due to the administration of drugs] please allow him to be my counsel, if He wants to prove me insane, please dismiss Him, and throw the case in the trash can."

The court, apparently misunderstanding the petitioner's meaning, treated this as a request to rescind the order for a hearing and passed an order withdrawing the earlier order for a hearing. From this action the present appeal was taken.

■ An examination of the entire record, which has attained considerable volume, convinces us that the claimed incapacity at the time of the trial, due to drugs, is a proper matter for inquiry by the District Court.[1] In the interest of justice, the order granting a hearing should be reinstated, and counsel should be appointed for the petitioner, if he should request it and be found financially unable to provide his own counsel.

■ In the meantime, petitioner has completed his term of sentence on the narcotics charge. Nevertheless, his motion may be treated as an application for a writ of error *coram nobis*. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.[2] As the Supreme Court said there, "Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." 346 U.S. at page 512, 74 S.Ct. at page 253.

Remanded for further proceedings.

---

1. See Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717; Bishop v. United States, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, reversing, 1955, 96 U.S. App.D.C. 117, 223 F.2d 582.

2. For related cases concerning the writ of error *coram nobis*, see e. g., Roberts v. United States, 4 Cir., 1946, 158 F.2d 150; Robinson v. Johnston, 9 Cir., 1941, 118 F.2d 998.