Orley Edward MEADOWS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18437.

United States Court of Appeals
Fifth Circuit.

Oct. 27, 1960.

Orley Edward Meadows, in pro. per.

Richard W. Ervin, III, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant waived indictment, waived counsel and venue, and entered a plea of guilty to an information charging a Dyer Act, 18 U.S.C.A. § 2312, violation. He was given a four-year sentence. He filed a motion in the district court under 28 U.S.C.A. § 2255, seeking to have the judgment and sentence vacated. In the motion the appellant states that he was not guilty of the offense. The appellant, in his motion, filed in propria personae, says that he "was discharged from the armed forces as a pyscho neurosis patient" and that "the irresponsible acts held against him at his trial were acts beyond the control of petitioner which happen when his war scrambled brains failed to function like a normal person". The district court, without a hearing, entered an order denying the motion. From the order this appeal was taken.

We think that the allegations of the motion, inartful though they be, are sufficient to set forth the contention that the appellant's mental condition was such that he could not and did not make intelligent waivers and plea. His statements of the prior determination of a mental illness takes the motion out of the category of frivolous claims and requires a hearing. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Gregori v. United States, 5 Cir., 1957, 243 F.2d 47; Brown v. United States, 5 Cir., 1959, 267 F.2d 42.

In order that there may be a hearing upon the appellant's motion, the order of the district court is.

Reversed.