Nathaniel BURDETTE, Appellant,

v.

Dr. R. O. SETTLE, Appellee.

No. 16766.

United States Court of Appeals
Eighth Circuit.

Dec. 6, 1961.

·Nathaniel Burdette, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., Clark A. Ridpath, Asst. U. S. Atty., Kansas City, Mo., was on brief, for appellee.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

PER CURIAM.

This is an appeal by Nathaniel Burdette from final order denying his petition for writ of habeas corpus. Appellant is in federal custody by reason of a twenty-year sentence imposed on January 27, 1955, by the United States District Court for the Eastern District of Michigan, as a result of an indictment, trial by jury, and conviction on charges of bank robbery and placing a life in jeopardy, in violation of 18 U.S.C.A. § 2113(b) and (d). Appellant at the time of the filing of his petition was serving his sentence in a United States Medical Center for federal prisoners at Springfield, Missouri, located in the Western District of Missouri.

Appellant's petition for habeas corpus is rather lengthy and it is somewhat difficult to understand the precise scope of his complaints. Primarily, his contention appears to be that he was legally insane at the time of his trial and sentence and that hence his conviction is in violation of his constitutional and statutory rights and is void. The trial court in a memorandum opinion (not reported) found that the appellant had in 1957 filed in the sentencing court, pursuant to 28 U.S.C.A. § 2255, a motion claiming relief upon substantially the same basis upon which he is here seeking relief. As observed by the trial court, the federal court for the Eastern District of Michigan sets out in detail in its opinion the complaints made by the appellant and the reasons why the court was satisfied that the appellant was entitled to no relief. See United States v. Burdette, E.D. Mich., 161 F.Supp. 326, aff'd, 6 Cir., 254 F.2d 610, cert. denied, 359 U.S. 976, 79 S.Ct. 887, 3 L.Ed.2d 842.

In 1960 the appellant filed in the sentencing court a petition for writ of error coram nobis, again urging his conviction was void because of insanity at the time of the trial. Such motion was denied September 1, 1960, upon the ground that the subject matter had been determined by the court in the 2255 proceedings heretofore referred to. Defendant attempted an appeal from this order but upon denial of leave to appeal in forma pauperis, the appeal was not prosecuted and the appeal was dismissed.

In our present case, the trial court noted that the petition contained an allegation not presented in the Michigan proceedings which was to the effect that a panel of three doctors at Leavenworth Penitentiary in April, 1960, found that appellant was then insane. The court determined that this was not the type of certificate contemplated by 18 U.S.C.A. § 4245, noting that it was not made by the Director of Prisons as contemplated by such statute, and further observing that the finding of insanity in 1960 affords no conclusive proof of insanity at the time of the trial some five

years earlier. Moreover, a certificate issued pursuant to § 4245 clearly requires any further proceedings to be had as a result thereof to be in the sentencing court.

■ The trial court reached a permissible conclusion in its determination that the basis for relief claimed in the 2255 motion in the sentencing court upon the issue of appellant's insanity at the time of his trial presented the same basic issue as is here presented. Moreover, if the assertion of the availability of the additional evidence pertaining to the insanity determination in 1960 has sufficient bearing on applicant's mental condition at the time of his 1954 trial, under § 2255 appropriate motion would have to be made in the sentencing court. Section 2255 clearly requires a prisoner to exhaust his remedies in the sentencing court before seeking release on habeas corpus. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Simmons v. United States, 8 Cir., 253 F. 2d 909, 911; Martin v. United States, 8 Cir., 248 F.2d 554, 556; Weber v. Steele, 8 Cir., 185 F.2d 799, 800.

■ Appellant has not exhausted his remedies in the sentencing court. We fully agree with the trial court's view that the appellant has made no showing that a 2255 motion would be ineffective or inadequate to test the legality of his sentence. The opinion of the Michigan court reported in 161 F.Supp. 326 clearly demonstrates that said court gave full, fair and complete consideration to defendant's claims of insanity at the time of his trial and sentence.

■ While doubt at one time existed on the question of whether insanity at the time of a trial could be raised by a 2255 motion, it is now well established that mental capacity at the time of the trial can be raised by such a motion in instances where the sanity issue is not determined at the time of the trial, at least in situations where no certificate contemplated by 18 U.S.C.A. § 4245 has been filed. Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, vacated and remanded for a hearing on the sanity of the petitioner at the time of his trial, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Simmons v. United States, supra; Gregori v. United States, 5 Cir., 243 F.2d 48; United States v. Thomas, 6 Cir., 291 F.2d 478. The Simmons case, supra, is similar in many respects to our present case and what is said there is controlling here.

The trial court committed no error in accepting the well-reasoned views of the convicting court, as set forth in its opinion, and upon the basis of the record here the court was justified in dismissing the petition without a hearing.

■ Petitioner had applied also for a writ of habeas corpus ad testificandum to permit his appearance to testify, but no fact issues were presented requiring the petitioner's testimony and hence the court committed no error in denying such writ.

■ It is not entirely clear whether the petition makes any attack upon the conviction other than that based upon insanity at the time of trial. There is a similar ambiguity in the proceedings filed in the sentencing court. The decisions of the sentencing court are all limited to the determination of the insanity issue. The present petition claims that appellant's court-appointed counsel did not effectively represent him at his original trial, because such counsel prevented him from raising his insanity defense and prevented him from taking the stand to assert his insanity, and also asserts that newspaper publicity prevented the sentencing court from giving him a sanity hearing. All of the errors just referred to appear to have a direct relationship to appellant's primary contention that his trial and conviction was void because he lacked mental competency at the time of his trial. We believe that there is basis for both the sentencing court and the trial court here to consider that appellant's challenge relates only to such issue. If, however, the appellant has intended to raise any questions bearing upon the validity of his conviction beyond

the insanity issue, such errors do not appear to have been adequately raised in the sentencing court or passed upon by the sentencing court, and it would appear that if appellant has any additional, meritorious basis for attacking the validity of his conviction, such basis should be first presented to the sentencing court as required by § 2255, and the trial court in our present case had no jurisdiction to consider any errors that were not properly raised and considered in a 2255 proceeding in the sentencing court.

The judgment of the trial court dismissing appellant's petition for writ of habeas corpus is affirmed.