**UNITED STATES of America,**
**Appellee,**

v.

**Martin Joseph McNICHOLAS, Appellant.**

**No. 8407.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1961.

Decided Jan. 5, 1962.

Peter Parker (Court-assigned counsel), Baltimore, Md., for appellant (Martin Joseph McNicholas, pro se, on brief).

Daniel F. McMullen, Jr., Asst. U. S. Atty., Baltimore, Md. (Joseph D. Tydings, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BOREMAN, BRYAN and BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

This is an appeal from an order of the District Court for the District of Maryland, denying Appellant's "Motion to Vacate Sentence" under 28 U.S.C.A. § 2255. Appellant was indicted in the District Court on four counts of bank robbery under 18 U.S.C.A. § 2113. He was represented at the trial by court appointed counsel who was experienced in the field of criminal practice. At his counsel's request, Appellant was given a psychiatric examination to determine his mental competence to stand trial. The reports of the examining physician revealed that Appellant was "a fully responsible agent" and that "He has never used marihuana nor any drugs". Thereafter Appellant was arraigned and personally entered a plea of guilty on all four counts. Before accepting the plea, the Court asked Appellant if he had been promised anything, or had been threatened by anybody in order to induce a plea of guilty.

The Appellant replied that he had not, and in answer to specific questions by the Court, stated that he made the plea of his own free will, after talking with counsel and with knowledge that he might receive a substantial prison sentence. We think that the record clearly shows that the Court below adequately discharged the responsibility imposed upon it by Fed. R.Crim.P. 11, 18 U.S.C.A. Accord Johnson v. Zerbst, 304 U.S. 458, at 465, 58 S. Ct. 1019, 82 L.Ed. 1461 (1937). On March 28, 1958, Appellant was sentenced to twenty years imprisonment.

On August 24, 1960, Appellant filed a "Motion to Vacate Sentence" under 28 U.S.C.A. § 2255. It appears that he was at this time, and continues to be, imprisoned in the Federal Penitentiary at Alcatraz, California. In the Motion, Appellant alleges that he was mentally incompetent at the time he entered the guilty plea, " * * *. due to the influence and suffering of withdrawal symptoms from administration of a narcotic drug * * * ". He further alleges that by reason of these symptoms he was unable to cooperate intelligently with his attorney in his own defense, and that he would not have consented to the guilty plea but for the influence of narcotics. In response to Government interrogatories Appellant stated that the drug was concealed upon his person during the period (February 14, 1958, to March 27, 1958) he was imprisoned in the Baltimore city jail, that it was gum opium, and that he orally administered it to himself while imprisoned.

On March 2, 1961, a hearing was held in the District Court on Appellant's motion. At that hearing the Court had before it the reports of the physician who examined Appellant before arraignment, the motion in this cause, the Government's reply, and the Appellant's answers to Government interrogatories. In addition the Court took testimony from Appellant's former court-appointed counsel, who testified that he had never discussed narcotic drugs with Appellant and that, in his opinion, Appellant did not at any time appear to be under the influence of

them nor to be suffering from withdrawal from them.

On March 30, 1961, the District Court entered an order denying Appellant's motion. Appellant brought this appeal *in forma pauperis* claiming (1) that he was entitled to a full adversary hearing on his motion, and (2) that the March 2nd proceedings in the District Court did not constitute the hearing required under § 2255 because: he was not produced at the hearing, he received no notice of the hearing, and he was not represented by counsel at the hearing.

■ It is established law in this Circuit that the mental competency of the accused to enter an intelligent plea of guilty is available as a ground of collateral attack on a Federal conviction. Roberts v. United States, 158 F.2d 150, at 151 (4 Cir. 1946); Pledger v. United States, 272 F.2d 69 (4 Cir. 1959).

■ Section 2255 provides, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issue and make findings of fact and conclusions of law with respect thereto". The question then becomes whether the entire record and surrounding circumstances negate a conclusive showing that Appellant is entitled to no relief. Here we have only the allegations, of the prisoner to sustain his claim of incompetence. The facts alleged in these allegations are extremely improbable.

Casting even more doubt on the substantiality of these claims are the facts that the Appellant was visited in jail on a number of occasions by his experienced counsel, and that he was examined by a psychiatrist and by a psychologist for the express purpose of determining his mental competence. All three of these persons could be expected to possess enough knowledge to recognize the symptoms of addiction to narcotics or of withdrawal from them, especially the doctors.

The facts here alleged appear on their face to be frivolous and false.

■■ The rule laid down by the Supreme Court in Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941) is that a hearing is not required unless the petition and affidavits in support thereof raise *material* issues of fact. That case arose under the statute in force prior to the enactment of § 2255. Since there was no intent on the part of Congress to either broaden or narrow the scope of collateral attack, United States v. Hayman, 342 U.S. 205, at 219, 72 S.Ct. 263, 96 L.Ed. 232 (1951), this rule must still be the law. It is inconceivable to this court that Justice Roberts intended to hold in the Walker case that every frivolous, absurd and reckless allegation of fact required the District Courts to set in motion the full machinery of a formal adversary hearing. It seems to us quite clear that the careful investigation and hearing held by the District Court in this case was adequate compliance with the statute. "It is not the intent of Section 2255 nor the meaning of United States v. Hayman, supra, to require a hearing upon the mere assertion that a prior plea was false. To so interpret the statute and the Hayman case is to say that every time a defendant desires to change his mind as to the reason for * * * [entering] a plea a hearing must be held with the defendant present". Burgett v. United States, 237 F.2d 247, at 251 (8 Cir. 1956), Cert. den. 352 U.S. 1031, 77 S.Ct. 596, 1 L.Ed.2d 599 (1957); Accord, Cain v. United States, 271 F.2d 337 (8 Cir. 1959).

■■ This Court has held that no hearing is required on a motion under § 2255 where there is no real basis for the complaint in the files of the case, Sharpe v. United States, 269 F.2d 63 (4 Cir. 1959) or where the allegations in the motion are vague, particularly where petitioner is represented by counsel, Sanders v. United States, 183 F.2d 748 (4 Cir. 1950). We deem this to be a situation of the same type. The motion and files of

the case do not raise any substantial issue of fact. Therefore, the court below was not required to hold a hearing. Where the court by a super abundance of caution gives the Appellant an *ex parte* hearing to which he is not entitled, he cannot be heard to complain because it did not go all the way and grant a full adversary hearing. Therefore, we hold that on this record Appellant was not entitled to any hearing as of right under § 2255.

Appellant has placed great weight upon two cases involving mental incompetence at the time a plea of guilty was entered due to the influence of narcotic drugs. An examination of these cases fully reveals the inadequacy of this record to support the Appellant's contention. In Coates v. United States, 106 U.S.App.D.C. 389, 273 F.2d 514 (1959), the prisoner was arrested on a narcotics charge. He was brought into court at 10 A.M. When it appeared that he might still be under the influence of drugs, his counsel requested a medical examination to determine the prisoner's competency. The examination was held on the same morning and the report submitted to the court. The examiner stated therein that the prisoner was presently under the influence of narcotics, and last used them at about 9:15 A.M. that day. He stated his opinion that the prisoner was in sufficient possession of his faculties to defend himself and to plead to the indictment. He stated, however, "It is my further opinion that he will soon begin to suffer from symptoms of withdrawal from drugs and that these symptoms will reach their maximum in about 24 hours * * *. [H]e should be admitted to a hospital for treatment during this withdrawal period." The prisoner was brought back into court "some hours later" *on the same day* and pleaded guilty. His plea was accepted. Sixteen months later he filed a motion to vacate sentence under 28 U.S.C.A. § 2255. The District Court held no hearing on the motion, noting on it that "The motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." The motion was denied. On appeal the Circuit Court reversed and ordered a hearing to be held.

It is apparent that there was a substantial issue of fact created by the motion, files and records of that case because of the corroboration of the allegations of the motion given by the report of the examining physician. This gives a real degree of credence to the facts alleged in the motion. This is not true in the case at bar, where there is nothing showing either mental incompetency or that appellant was under the influence of drugs *except* the bare allegations of the motion which are, on the face of this record incredible. There is no corroboration from any other source. Indeed the only medical report in the case expressly negates that appellant at any time used narcotics. The difference in the cases is fatal to Appellant.

The same difficulty exists with respect to Pledger v. United States, supra. There this Court said, "An examination of the entire record, *which has attained considerable volume,* convinces us that the claimed incapacity [influence of drugs administered by government agents] at the time of the trial * * * is a proper matter for inquiry by the District Court." (At p. 70). In the Pledger case the District Court had granted a hearing on mental competency but when the prisoner made clear that he claimed that his incompetency was due to the administration of drugs, the court revoked the hearing order because it thought that this was not a proper basis of collateral attack under § 2255. All this court held there was that incompetency due to the influence of narcotics was a proper ground for collateral attack. Further, the court's holding was based on a "voluminous record" which gave substantial weight to the allegations of the motion. Therefore, even going beyond the narrow ruling of the case, it does not aid Appellant because there is nothing in the instant case to give substantiality to the allegations contained in the motion.

Affirmed.