**William PRAYLOW, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19207.**

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1962.

Melvin B. Bishop, Jackson, Miss., for appellant.

Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before JONES, BROWN and BELL, Circuit Judges.

JONES, Circuit Judge.

The appellant was charged by indictment with the interstate transportation of a stolen automobile in violation of the Dyer Act, 18 U.S.C.A. § 2312. He entered a plea of guilty after waiving counsel and was given a four-year sentence. At the time of sentencing the court recommended "necessary psychiatric treatment." About six months later he filed a motion under 28 U.S.C.A. § 2255 to vacate the sentence. The ground assigned, perhaps not artfully pleaded by the pro se petitioner who was in the United States Penitentiary, but nevertheless adequately stated, is that he was mentally incompetent to waive counsel and enter a plea of guilty at the time he was sentenced. The district court held that the motion, file and records conclusively showed that the petitioner was entitled to no relief. Thereafter, in denying leave to appeal in forma pauperis, the district court stated that the question of sanity was not raised prior to or during the trial, and that the appellant's recourse would be under 18 U.S.C.A. § 4245.

The attorney for the United States filed a brief but did not appear for argument. In the brief it is urged

that there is a necessity for the showing of specific facts and that, in the absence of a showing that the appellant had been adjudicated incompetent or that his sanity had been questioned or in doubt, the presumption of sanity must prevail. We cannot follow any such pronouncement. The only authority cited by the District Attorney for such proposition is Bishop v. United States, D.C.Cir.1954, 96 U.S.App.D.C. 117, 223 F.2d 582, which was reversed by the Supreme Court. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835. The factual allegations here are meagre but were, in our opinion, sufficient to require a hearing in view of the court's recommendation for psychiatric treatment, made at the time of sentencing. The governing principles are stated in Gregori v. United States, 5th Cir. 1957, 243 F.2d 48, and need not be repeated in this opinion. See also Bishop v. United States, supra; and Alexander v. United States, 5th Cir. 1961, 290 F.2d 252.

The order of the district court is reversed and the cause is remanded for a hearing on the sanity of the appellant at the time his plea of guilty was taken.

Reversed and remanded.