John K. **RIFFLE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19540.

United States Court of Appeals
Fifth Circuit.

March 9, 1962.

John K. Riffle, pro se.

E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

The appellant was charged, by an information filed in the Northern District of Ohio, with interstate transportation of a stolen motor vehicle. In the Southern District of Florida, he executed a waiver of counsel, a waiver of indictment, a consent to the transfer of the cause, and a plea of guilty. He was given a five-year sentence.

■ The appellant wrote a letter to the district judge by whom sentence was imposed saying that on the day he appeared in court he had been out of the hospital for only two days and was under the influence of drugs, and had been promised a sentence by a Federal agent and a United States Marshal of one or two years. By the letter the appellant requested he be returned to Ohio for trial. The district court treated the letter as a motion to withdraw the plea of guilty and denied it. We think the letter should have been treated as a motion under 28 U.S.C.A. § 2255 and that, as such, it should have been granted. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Gregori v. United States, 5th Cir. 1957, 243 F.2d 48; Alexander v. United States, 5th Cir. 1961, 290 F.2d 252; Praylow v. United States, 5th Cir. 1962, 298 F.2d 792.

■ The letter of the appellant to one of the judges of this Court will be treated as a notice of appeal and as an application to appeal in forma pauperis. Such application is granted, and the appeal decided upon the district court record. The order of the district court is vacated and set aside, and the cause is remanded for a hearing upon the mental capacity of the appellant at the time the court accepted his waivers, consent and plea.

Reversed and remanded.