Joseph H. MILANI, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13649.

United States Court of Appeals Seventh Circuit.

July 2, 1962.

Richard Calkins, Chicago, Ill., Joseph H. Milani, pro se, for appellant.

Carl W. Feickert, U. S. Atty., Walter D. Williams, Asst. U. S. Atty., St. Louis, Ill., for appellee.

Before SCHNACKENBERG, CASTLE, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a motion under 28 U.S.C. § 2255 to Vacate Judgment and Sentence. The motion was denied and petitioner has appealed.

Petitioner is confined in the United States Penitentiary at Alcatraz under sentence imposed on December 20, 1960. In his motion he states that prior to, during, and after his trial he was mentally incompetent and unaware of, and did not understand, why he was in court, and that he does not yet understand how, why, or of what, he was accused and committed.[1] In his affidavit supporting the motion, petitioner states that "about December 3, 1952" he was committed "as a mental patient in the Psychiatric Division of the Illinois State Penitentiary, Menard, Illinois."

The District Court denied the motion because the question of petitioner's mental incompetence was not raised before or at the time of his trial and conviction; and because he was not entitled to relief under § 2255 and had to resort to 18 U.S.C. § 4245 for relief.[2] The ruling was based on findings that the presumption of sanity is against petitioner's motion; that there was no "showing" that the commitment to the Menard institution was by court order and no allegation of a legal adjudication of mental incompetence; that the alleged commitment was not brought to the court's attention at the trial; and that from the court's observation of petitioner's behavior, and cooperation with his attorney, at the trial, petitioner was then competent.

We think that the court erred in denying petitioner's motion.

The conclusions that petitioner could "not avail himself" of the remedy under 28 U.S.C. § 2255 and that it was fatal to his motion that the issue of mental incompetence was not raised at the trial, were erroneous. Simmons v. United States, 8 Cir., 253 F.2d 909 (1958); Gregori v. United States, 5 Cir., 243 F.2d 48 (1957).

There is nothing in the motion but petitioner's statement under oath that he was committed for mental incompetency in 1952; nothing to show by what authority he was committed or if or when he was discharged; and no allegation of any legal adjudication of mental incompetency which might have continued, presumptively, into his trial and conviction. But we think the court erred, nevertheless, in denying the motion.

We do not hold that the motion entitled petitioner to a hearing as contemplated by Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, vacated and remanded 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). We do decide that the District Court should order the records of the Menard institution produced in court in aid of petitioner's claim. Upon this step being taken, the District Court may then determine whether or not "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," and accordingly whether or not a hearing is required. Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962).

In this appeal, prosecuted *in forma pauperis*, we appointed Mr. Richard Calkins, a member of the Illinois Bar, to represent petitioner. We thank him for this able and dedicated service.

The order denying the motion to vacate the judgment and sentence is reversed and the cause remanded for further proceedings consistent with this opinion.

---

1. Other statements not relevant on this appeal are made in the motion.

2. U.S.C. "§ 4245. Mental incompetency undisclosed at trial. Whenever the Director of the Bureau of Prisons shall certify that a person convicted of an offense against the United States has been examined * * * and that there is probable cause to believe that such person was mentally incompetent at the time of his trial, provided the issue of mental incompetency was not raised and determined before or during said trial, the Attorney General shall transmit the report * * * to the clerk of the district court * * *. Whereupon the court shall hold a hearing to determine the mental competency of the accused * * *."