**Marcelino NAVEDO SANTOS, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 5940.**

United States Court of Appeals
First Circuit.

July 25, 1962.

Marcelino Navedo Santos, pro se.

Franciso A. Gil, Jr., U. S. Atty., and Gilberto Gierbolini, Asst. U. S. Atty., on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an appeal from an order summarily denying a motion to vacate sentence brought under Title 28 U.S.C. § 2255.

The appellant and another were jointly indicted on September 21, 1950, by a grand jury in the United States District Court for the District of Puerto Rico for murder in the first degree. The charge was that they beat a man to death with a baseball bat on property of the United States and under its exclusive jurisdiction in San Juan. The court promptly appointed counsel for each defendant and on arraignment on October 27, 1950, continued from October 6 at their counsel's request, they submitted pleas of guilty to murder in the second degree. The pleas were accepted and they were sentenced to life imprisonment.

Eleven years later almost to a day, on October 12, 1961, the appellant filed a motion to vacate sentence under § 2255 of Title 28 U.S.C. The allegations are that at the time the defendant was sentenced he was not afforded an opportunity to speak personally in his own behalf in violation of Fed.R.Crim.P. 32(a), 28 U.S.C., that at the time of the crime and of his arraignment and sentence he was mentally incompetent by reason of chronic alcoholism and that the counsel who represented him was incompetent.

The claim of deprivation of the right to make a personal statement in one's own behalf afforded by Criminal Rule 32(a) is not available on motion under § 2255 or under Rule 35 of the Federal Rules of Criminal Procedure either. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

The allegation of mental incompetence by reason of chronic alcholism is not supported by any affidavit or other evidence or even by any specific allegations of commitment to a mental institution or psychiatric study and report by a medical man. This clearly distinguishes Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582 (1955), vacated and remanded, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), upon which the appellant heavily relies. A mere conclusive allegation of mental incompetence eleven years before is not enough to require a hearing. See United States v. Rosenberg, 200 F.2d 666, 668 (C.A. 2, 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953), rehearing denied, 345 U.S. 1003, 73 S.Ct. 1131, 97 L.Ed. 1408 (1953).

The allegation of incompetent representation by counsel is also merely conclusory. Moreover, the counsel who represented the appellant is known by this court to be an experienced, capable, conscientious and able member of the local bar. There was no error in summarily dismissing the appellant's motion.

Judgment will be entered affirming the order of the District Court.