**Herman Edward NELMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 1233.

United States District Court
W. D. Virginia,
Roanoke Division.

Aug. 30, 1962.

Herman Nelms, pro se.

James C. Roberson, Asst. U. S. Atty., for The United States.

MICHIE, District Judge.

On May 15, 1962 the petitioner filed a petition under Section 2255 of Title 28 U.S.C.A. to vacate a sentence of ten (10) years imprisonment imposed upon him by this court on May 12, 1959 for violations of 18 U.S.C.A. § 2421 and for leave to prosecute said petition in forma pauperis on the ground that the petitioner was insane at the time of his trial and conviction. Leave to prosecute the cause in forma pauperis was granted and the United States, after being granted an extension of time in which to answer, filed on August 15, 1962 an answer, defense and motion to dismiss the petition without a hearing on grounds therein set forth.

The first ground for dismissal was to the effect that "the motion, files and records of the case show the prisoner is entitled to no relief". The second ground for dismissal was that "the sentencing court is not required to entertain second or successive motions for similar relief on behalf of the petitioner Herman Edward Nelms, who has heretofore petitioned this court for relief under 28 U.S.C.A. § 2255 (see petitions filed (1)

July 7, 1960, (2) August 12, 1960 and (3) September 22, 1961."

The records show that on July 1, 1960 a petition for relief under Section 2255 was filed by the prisoner in Crim. File No. 6081, Roanoke, and a motion supplemental thereto was filed in August of 1960. In due course these motions were overruled. Another such petition was filed and numbered C. A. 1092, Roanoke, on July 7, 1960 and was in due course overruled. D.C., 190 F.Supp. 677. Still another petition for relief under Section 2255 was filed in Crim. No. 6081 on September 22, 1961 and in due course overruled. D.C., 201 F.Supp. 890.

The courts of appeals are divided as to whether more than one petition for relief under Section 2255 may be filed to correct the same conviction. The majority seem to be of the opinion that not more than one such petition may be filed. See Juelich v. U. S., 5 Cir., 300 F.2d 381.

However it is not necessary to decide this matter upon either of the points raised by the United States. In his original conviction plaintiff was represented by counsel and no question was raised as to his sanity. This case is therefore governed by Cason v. U. S. (4th Cir. 1955), 220 F.2d 510, the per curiam opinion in which is as follows:

"This is an appeal from an order denying a motion under 28 U.S.C. § 2255 to vacate and set aside a sentence of imprisonment. Appellant contends that the sentence should be set aside because the trial judge did not cause inquiry to be made as to defendant's sanity before accepting a plea of guilty and imposing sentence upon him. It appears, however, that counsel was duly assigned appellant before entry of the plea and that no question was raised on the hearing as to appellant's sanity. This being true, we do not think that appellant is entitled to relief under the petition which he has filed. If certificate should be made by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 4245, that there is probable cause to believe, after examination as therein provided, that appellant was mentally incompetent at the time of his trial, relief could be afforded him in accordance with the provisions of that section; but no such case is before us here."

If this is true in a case where a plea of guilty was entered it certainly must be true in a case, such as this, which was fully tried before a jury on a plea of not guilty and defended by able counsel appointed by the court for the purpose.

The motion is therefore denied. But if a certificate should be made by the Director of Prisons pursuant to 18 U.S. C.A. § 4245 that there is probable cause to believe, after examination as therein provided, that petitioner was mentally incompetent at the time of his trial, relief could be afforded him in accordance with the provisions of that section.

The motion is denied.