UNITED STATES of America, Appellee,

v.

Charles Gregory CANNON, Defendant-Appellant.

No. 89, Docket 27640.

United States Court of Appeals Second Circuit.

Argued Oct. 8, 1962.

Decided Dec. 7, 1962.

Andrew T. McEvoy, Jr., and William J. Quinlan, Asst. U. S. Attys., New York City (Vincent L. Broderick, U. S. Atty.

for Southern District of New York, New York City, Arnold N. Enker, Asst. U. S. Atty., New York City, on the brief), for appellee.

Geoffrey M. Kalmus, New York City (Skadden, Arps, Slate, Meagher & Flom, New York City), for defendant-appellant.

Before CLARK, MOORE and SMITH, Circuit Judges.

MOORE, Circuit Judge.

■ This is an appeal from an order of the District Court denying without a hearing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255 [1] on the grounds that the defendant was not mentally competent at the time of his trial. The District Court denied the application under § 2255 without prejudice to petitioner's rights to proceed under 18 U.S.C.A. § 4245 [2] and to renew his application under § 2255 upon an adequate showing that certification under § 4245 had not issued. Thus the question presented is whether a prisoner must initially seek a certification of his insanity under § 4245 before making a motion to vacate under § 2255. We think that he does not.

The defendant Cannon pleaded guilty on April 8, 1960, to a twelve-count indictment charging the transportation in interstate commerce of forged checks and a checkwriting machine for use in forging checks in violation of 18 U.S.C.A. §§ 2 and 2314 and the possession of a forged Selective Service registration certificate in violation of 50 U.S.C.A.Appendix § 462(b) (5). On April 21, 1960, after previously having waived indictment on an information issued in the Southern District of Florida, he pleaded guilty to a forgery charge with respect to other checks. At all times the defendant refused the assistance of counsel.

On July 17, 1961, Cannon filed a motion under § 2255 to vacate sentence based upon alleged insanity at the time of trial. He requested that the District Court subpoena certain records, among them being his detention at the federal mental institution at Springfield, Missouri, his confinement at Bellevue Hospital and Rockland State Hospital, and his Army medical discharge. He also alleged that he had been adjudged insane by the New York State Supreme Court. The government's affidavit stated that although he had been certified to be mentally ill and committed to Rockland State Hospital in July of 1948, he had subsequently been adjudged competent by the Senior Psychiatrist at Bellevue Hospital to stand

1. Title 28 U.S.C.A. § 2255. "Federal custody; remedies on motion attacking sentence

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

2. Title 18 U.S.C.A. § 4245. "Mental incompetency undisclosed at trial

"Whenever the Director of the Bureau of Prisons shall certify that a person convicted of an offense against the United States has been examined by the board of examiners referred to in title 18, United States Code, section 4241, and that there is probable cause to believe that such person was mentally incompetent at the time of his trial, provided the issue of mental competency was not raised and determined before or during said trial, the Attorney General shall transmit the report of the board of examiners and the certificate of the Director of the Bureau of Prisons to the clerk of the district court wherein the conviction was had. Whereupon the court shall hold a hearing to determine the mental competency of the accused in accordance with the provisions of section 4244 above, and with all the powers therein granted. In such hearing the certificate of the Director of the Bureau of Prisons shall be prima facie evidence of the facts and conclusions certified therein. If the court shall find that the accused was mentally incompetent at the time of his trial, the court shall vacate the judgment of conviction and grant a new trial. Added Sept. 7, 1949, c. 535, § 1, 63 Stat. 686."

trial for a state offense and was released for that purpose.

A number of the other Circuits have had occasion to deal with this question. The Tenth Circuit is of the view that prior use of § 4245 is necessary. Gordon v. United States, 250 F.2d 676 (1957). Some inconsistencies seem to exist in the Sixth Circuit, compare United States v. Davis, 302 F.2d 427 (1962), with United States v. Thomas, 291 F.2d 478 (1961), as well as in the Fourth Circuit, compare Cason v. United States, 220 F.2d 510, cert. denied, 349 U.S. 966, 75 S.Ct. 899, 99 L.Ed. 1287 (1955), with Pledger v. United States, 272 F.2d 69 (1959) and Lamm v. United States, 235 F.2d 45 (1956). Others have found that § 2255 is an alternative remedy. See Praylow v. United States, 298 F.2d 792 (5th Cir. 1962); Burdette v. Settle, 296 F.2d 687 (8th Cir. 1961); Bell v. United States, 269 F.2d 419 (9th Cir. 1959); cf. Gregori v. United States, 243 F.2d 48 (5th Cir. 1957); Krupnick v. United States, 264 F.2d 213 (8th Cir. 1959).

 It is now settled that § 2255 is an appropriate vehicle for a collateral attack upon a criminal conviction on the grounds of insanity at the time of trial. E. g., Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), reversing per curiam 96 U.S.App.D.C. 117, 223 F.2d 582 (1955); Catalano v. United States, 298 F.2d 616 (2d Cir. 1962). On motions under § 2255, the District Court is required to hold a hearing to determine the merits of the petition, Bishop v. United States, supra, unless it be clear from the records that the defendant was entitled to no relief.

Absent a clearly expressed intention on the part of Congress, we are not disposed to engraft on the prisoner's right to proceed under § 2255 a requirement that he first make an effort to obtain a certificate under § 4245. That section was intended to deal with a situation in which the prison authorities became aware some time after trial of the fact that there was a possibility that the defendant might have been insane at the time of trial. Report of the Committee of the Judicial Conference to Study Treatment Accorded by Federal Courts to Insane Persons Charged with Crime (1956). It provides an additional procedure for the protection of mental incompetents, and should not be utilized to place another obstacle in their path.

The statutory language of § 4245 provides for the initiation of proceedings thereunder solely by the Director of the Bureau of Prisons, and not by the prisoner or the Attorney General. See Gregori v. United States, supra; Comment, 28 Chicago L.Rev. 154, 156, 162 (1960); cf. 18 U.S.C. § 4244. The unilateral nature of the remedy is further evidenced by the fact that a formal procedure for delivery of the Board of Examiners' certificate exists only in the instance in which there is probable cause to believe that the prisoner was mentally incompetent at the time of trial. Not only is it apparent that the section was not devised for use by the prisoner himself, but in addition little would be gained by requiring a prisoner to make an effort to obtain relief under that section. Only in the probably rare case in which the Board is of the opinion that probable cause exists will the District Court have the advantage of whatever psychiatric evidence was before the Board. Furthermore, there would be a natural tendency for a reviewing Board to concentrate on proof of the prisoner's mental condition as observed in the institution where he is confined and at a time possibly long after, and unrelated to his mental status at, the time of trial and sentence. Evidence of the condition at the trial might well be more available upon a hearing in the sentencing district. Where the Board refuses to issue the certificate of probable cause, the prisoner will merely have been subjected to further delay. In both cases the District Court will still have to hold a hearing of its own to determine the merits of the prisoner's motion.

Any holding to the effect that § 4245 is a prerequisite to an application under § 2255 might very well conflict with the Supreme Court's position in Bishop v.

**844**

United States, supra. See United States v. Thomas, supra. We are not convinced that there is any reason, either in the statutory language or in sound judicial policy, for holding that a prisoner must show that he has sought relief under § 4245 before he is entitled to proceed under § 2255. The sections are not mutually exclusive and are not alternative procedures.

Reversed and remanded for further proceedings consistent with this opinion.