**Raphael K. HARTMAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States Court of Appeals Sixth Circuit.

Dec. 8, 1962.

Raphael K. Hartman, in pro. per.

Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., for respondent.

Before CECIL, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an original proceeding in this Court to require the District Court to allow petitioner to proceed in forma pauperis and to file his motion to vacate sentence under Title 28 U.S.C. § 2255.

Petitioner and two co-defendants entered pleas of guilty in the District Court on June 10, 1960 to a three-count indictment which charged them with the offenses of transporting stolen automobiles

in interstate commerce and concealing them. Petitioner and one co-defendant were sentenced to 10 years imprisonment. The third co-defendant, who was a young woman with no criminal record, was given probation.

Petitioner sought to file in the District Court a motion to vacate sentence and to proceed in forma pauperis. The sole ground set forth in his motion to vacate sentence was the bare unsupported conclusion that he "was mentally incapable of entering a competent plea or to understand the proceedings against him or to know the nature of the charge against him."

The District Judge, upon consideration of the record and files in the case, denied his motion to proceed in forma pauperis without a hearing and instructed the Clerk not to file the motion to vacate sentence unless security was deposited for costs.

In this Court, the Government filed a response and a supplement thereto and attached a transcript of the proceedings in the District Court which included the plea of guilty and the sentence. It appeared therefrom that petitioner had been engaged in a rather extensive illegal business of stealing automobiles and transporting them in interstate commerce. He was 49 years old, married, but not living with or supporting his wife and eight children. In the thirty-two page transcript there was no suggestion of petitioner's insanity. He was represented by counsel when he entered his plea of guilty in the District Court and intelligently answered all questions put to him by the court. He made a detailed statement to the District Court in which his only complaint was that he had a heart condition all his life and that the welfare authorities in Michigan did not give him proper treatment for it.

Petitioner did not support his conclusion of insanity by any factual allegations. There was no history of insanity of petitioner or his family. The first time insanity was mentioned was in his motion to vacate sentence.

The mere filing of the motion to proceed in forma pauperis did not require the District Judge to grant it automatically. In our judgment, consideration of the motions to vacate sentence and to proceed in forma pauperis required the exercise of judicial discretion on the part of the District Court. An order denying the motion to proceed in forma pauperis may not be reviewed in this Court by mandamus. An application to appeal in forma pauperis may be addressed to this Court in the event of denial by the District Court of the right to so proceed.

Considering the mandamus proceeding in this Court as a notice of appeal and an application to appeal in forma pauperis (Jordan v. United States, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114; Coppedge v. United States, 369 U.S. 438, 442, 82 S.Ct. 917, 8 L.Ed.2d 21), we think the District Court was fully justified in denying the motion to proceed in forma pauperis. Before petitioner was entitled to so proceed and to have a hearing on his motion he should have supported his claim of insanity by factual allegations. The bare allegation or conclusion of insanity was, in our opinion, insufficient. Malone v. United States, 299 F.2d 254 (C.A. 6), cert. den. 83 S.Ct. 122 (1962).

Petitioner relies on Frame v. Hudspeth, 309 U.S. 632, 60 S.Ct. 712, 84 L.Ed. 989. In that case Frame factually supported his motion to vacate sentence by showing that he had been adjudicated insane by a court of competent jurisdiction. There was a presumption that the insanity continued in the absence of proof to the contrary.

In Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, cited by petitioner, there was an adjudication of insanity subsequent to conviction which justified an inquiry into the previous mental condition of Bishop.

The motion for an order to issue instructions to the District Court to file in forma pauperis petitioner's motion to vacate sentence and the application to appeal in forma pauperis are denied.