**Herman Edward NELMS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 8805.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 14, 1963.

Decided May 10, 1963.

Edmund D. Campbell, Arlington, Va. (Court-assigned counsel), for appellant; Herman Edward Nelms, pro se, on brief.

James C. Roberson, Asst. U. S. Atty., for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and CRAVEN, District Judge.

PER CURIAM.

By the filing of a motion under 28 U.S.C.A. § 2255, which "seems now to have become an almost automatic and continuous prisoner practice, especially as to sentences of more than five years," [1] the prisoner in this case invoked the jurisdiction of the district court to collaterally attack his sentence. From the denial of his motion he has appealed.

Prisoner Nelms is serving two consecutive five year terms imposed by the United States District Court for the Western District of Virginia on May 12,

1. Hayes v. United States, 305 F.2d 540 (8th Cir. 1962). Since the enactment of 28 U.S.C.A. § 2255 in 1948 and until November 8, 1962, the Court of Appeals for the Fourth Circuit has considered one hundred and thirteen appeals from denials of petitions under Section 2255. Meaningful statistics are not available from the Administrative Office to show the number of applications filed in the district courts of the Fourth Circuit because many were docketed in the original criminal action rather than being given a new civil docket number.

1959, for violations of 18 U.S.C.A. § 2421. No appeal was taken from his conviction and sentence. On May 15, 1962, Nelms filed this *third* petition pursuant to 28 U.S.C.A. § 2255 to vacate the sentence he is serving. For the first time (more than three years after his conviction) he alleges that he was insane before, during and after his trial and sentencing.

The United States moved the court to dismiss the petition without a hearing on the grounds that:

(1) The motion, files and records of the case show that prisoner Nelms is entitled to no relief, and

(2) The sentencing court is not required to entertain second or successive motions for similar relief.

On August 30, 1962, the district court, without a hearing, denied Nelms' motion to vacate and filed its opinion. Nelms v. United States, 208 F.Supp. 4, 5 (W.D. Va.1962).

The motions under Section 2255 prior to this one were based upon entirely different grounds, including the following: incompetency of his wife to testify, that he had committed only a single offense instead of two separate offenses for which he was sentenced, improper investigation by probation and parole officers, misuse of presentence report, improper admission in evidence of prisoner's statement to an FBI agent. No mention or intimation of insanity was contained in any of the prior motions. Both previous motions were denied without a hearing.

In his present nineteen page petition the prisoner says that he did not intelligently comprehend the nature and consequences of the judicial proceedings and was unable to assist in his defense because of mental infirmities; that he may have been physically present at his arraignment and trial but that he was mentally absent; that his mental and moral faculties were and are so completely perverted and deranged that he was and is incapable of competently and intelligently distinguishing between

right and wrong; that he does not know or remember whether or not he violated any laws or perpetrated any crimes, nor whether he was actually in the courtroom on May 12, 1959.

The prisoner attached to his petition what purports to be a copy of his Army discharge record. This record indicates that some twelve years before the date of his trial the prisoner may have suffered from the following: " 'Old' neurosyphilis, psychosis, w/syphiletic meningo-encephalitis (gen. Paresis), manifested by euphoria, expansiveness, memory defect."

At the time of sentencing the prisoner was represented by counsel. In the course of pleading for his client, counsel said to the court: "I would like for you to consider the advisability of sending this man to some place where he may get some mental treatment or psychiatric treatment if Your Honor feels that that would be proper in this case. In my brief contact with him, I believe it would be proper, Sir." Thereafter, the prisoner himself addressed the court asking for leniency with regard to punishment, and his statement was coherent and intelligible.

The district court did not consider the motion on its merits, nor did it dismiss prisoner's petition under either of the grounds urged by the Government. Instead, the district judge came to the conclusion, as reported in Nelms v. United States, supra, that it was not necessary to decide the instant case upon either of the points raised by the United States because Cason v. United States, 220 F.2d 510 (4th Cir. 1955), was controlling. In Cason this court held that where counsel had been duly assigned prisoner and where no question was raised at the trial as to prisoner's sanity, the prisoner is not entitled to relief under Section 2255. This was a *per curiam* opinion written without citation of authority.

It was in effect overruled by Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), reversing per curiam 96 U.S.App.D.C. 117, 223 F.2d

582 (D.C.Cir.1955), in which the Supreme Court held Section 2255 to be an appropriate procedural vehicle for attacking a federal conviction on the ground of the defendant's insanity at the time of the trial. This court has since cited Bishop as controlling authority in Pledger v. United States, 272 F.2d 69, 70 (4th Cir. 1959), and has held that "[i]t is established law in this Circuit that the mental competency of the accused to enter an intelligent plea of guilty is available as a ground of collateral attack on a Federal conviction." United States v. McNicholas, 298 F.2d 914 (4th Cir. 1962). This decision is in clear conformity with the decisions of other circuits.[2]

■ Although relying upon Cason v. United States, supra, as authority for dismissal, the district judge in his opinion pointed to 18 U.S.C.A. § 4245 as a more appropriate avenue of relief for the prisoner. We agree with the district court that an action such as this could most appropriately be initiated by the Director of the Bureau of Prisons under the provisions of 18 U.S.C.A. § 4245. However, in this case the statutory procedure envisioned is not available because the prerequisite certificate of probable cause has not been forthcoming. But a certificate under Section 4245 is not required for the district court to entertain a motion under Section 2255 alleging mental incapacity at the time of the trial. See United States v. Cannon, 310 F.2d 841 (2d Cir. 1962); Gregori v. United States, 243 F.2d 48, 54–55 (5th Cir. 1957); Simmons v. United States, 253 F.2d 909, 912–913 (8th Cir. 1958); United States v. Thomas, 291 F.2d 478, 480 (6th Cir. 1961); Praylow v. United States, 298 F.2d 792, 793 (5th Cir. 1962).

Since we hold that the district court was in error in dismissing the petition on the authority of Cason, it follows that the case must be remanded to the district court for further proceedings pursuant to 28 U.S.C.A. § 2255.

2. D.C.Cir.: Wells v. United States, 99 U.S.App.D.C. 310, 239 F.2d 931 (1956); Lloyd v. United States, 101 U.S.App.D.C. 116, 247 F.2d 522 (1957); Seidner v. United States, 104 U.S.App.D.C. 214, 260 F.2d 732 (1958); Smith v. United States, 106 U.S.App.D.C. 169, 270 F.2d 921 (1959); Bostic v. United States, 112 U.S.App.D.C. 17, 298 F.2d 678 (1961).

1st Cir.: Santos v. United States, 305 F.2d 372 (1962).

2d Cir.: Catalano v. United States, 298 F.2d 616 (1962); United States v. Cannon, 310 F.2d 841 (1962).

5th Cir.: Gregori v. United States, 243 F.2d 48 (1957); Brown v. United States, 267 F.2d 42 (1959); Meadows v. United States, 282 F.2d 942 (1960); Alexander v. United States, 290 F.2d 252 (1961); Corbett v. United States, 296 F.2d 131 (1961); Callahan v. United States, 297 F.2d 79 (1961); Praylow v. United States, 298 F.2d 792 (1962); Riffle v. United States, 299 F.2d 802 (1962); Hughes v. United States, 303 F.2d 776 (1962); Van De Bogart v. United States, 305 F.2d 583 (1962).

6th Cir.: United States v. Thomas, 291 F.2d 478 (1961); United States v. Walker, 301 F.2d 211 (1962); Hartman v. United States, 310 F.2d 447 (1962).

7th Cir.: Milani v. United States, 304 F.2d 627 (1962).

8th Cir.: Simmons v. United States, 253 F.2d 909 (1958); Krupnick v. United States, 264 F.2d 213 (1959); Taylor v. United States, 282 F.2d 16 (1960); Bistram v. United States, 283 F.2d 1 (1960); Burdette v. Settle, 296 F.2d 687 (1961); Burrow v. United States, 301 F.2d 442 (1962); Clayton v. United States, 302 F.2d 30 (1962); Breaton v. United States, 303 F.2d 557 (1962); Hayes v. United States, 305 F.2d 540 (1962); Lipscomb v. United States, 298 F.2d 9 (1962).

9th Cir.: Smith v. United States, 259 F.2d 125 (1958); Smith v. United States, 267 F.2d 210 (1959); Bell v. United States, 269 F.2d 419 (1959); Norman v. United States, 276 F.2d 377 (1960).

10th Cir.: While adhering to the pre-Bishop rule that inquiry into the mental condition of the accused at the time of trial cannot be made under Section 2255, Nunley v. Chandler, 308 F.2d 223 (1962); Gordon v. United States, 250 F.2d 676 (1957), this circuit has held also that a temporary mental disability during the trial does not fall within the procedural range of Section 2255. Johnston v. United States, 292 F.2d 51, 53 (1961).

Admittedly, the assertion of insanity for the first time three years after conviction is not persuasive, but, while improbable, we cannot say in the present posture of the case that it is impossible or incredible. Ordinarily the question of mental competency to stand trial is not one which comes within the excusatory provision of 28 U.S.C.A. § 2255, making unnecessary a hearing where the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief. On the other hand, prisoners are not entitled and need not be permitted to make bald charges of mental incompetency to stand trial for the purpose simply of obtaining an excursion from the penitentiary. Hayes v. United States, 305 F.2d 540 (8th Cir. 1962). A balance must be struck between the practical and the theoretical, and this can best be done by the district judge.

Here, the petitioner's allegation of mental incompetence at the time of trial is not wholly unsupported by objective materials. His Army discharge record discloses a history of mental disease. He has protested to this court that other voluminous medical records were taken from him and sent to the Director of Prisons. What those other medical records, if they exist, would disclose, we cannot now know, but, since the Army discharge record itself is an objective disclosure of a medical history of mental infirmity, the allegation of mental incompetence to stand trial is not without some shadow of substance. The allegation, with such support as it obtains from the Army discharge record, makes it impossible for us to now say "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Enough appears to require judicial inquiry.

Upon remand, the district judge should appoint counsel to represent the petitioner and should schedule a hearing at such time as complete medical records and the report of a current psychiatric examination has been made available and counsel has been given an opportunity to obtain such other testimony and answers to interrogatories as may seem appropriate. Whether or not the petitioner, himself, should be transported from the prison to appear personally at the hearing must be left to subsequent determination by the district judge in the light of other materials which will then be available and of the representations by petitioner's counsel as to any contribution the petitioner might make if personally present and able to testify in aid of his petition.

The judgment will be reversed and the case remanded for a plenary hearing upon the petitioner's allegation of mental incapacity to stand trial.

Reversed and remanded.

SOBELOFF, Chief Judge (concurring).

Without hesitation I concur in the judgment reversing the District Court's order dismissing the appellant's motion without a hearing and remanding the case for a plenary hearing upon the allegations of mental incapacity to stand trial.

However, the inclusion of certain observations in the per curiam opinion seems to me ill-advised.

Correctly, and quite unavoidably on this record, the opinion recognizes that the case does not fall within the excusatory provision of 28 U.S.C.A. § 2255, which makes a hearing unnecessary only if the motion and files and records in the case conclusively show that the prisoner is entitled to no relief. But then the opinion proceeds to make observations which seem needlessly to disparage the petitioner's case, by suggesting that "[a]dmittedly" the allegation of insanity is not persuasive; that it is "improbable," though it cannot be said to be impossible or incredible; that prisoners are not entitled and need not be permitted to make "bald charges"; that the petitioner's allegation is "not wholly unsupported" and "is not without some shadow of substance." The opinion, which properly awards a "plenary hearing," thus at-

tenuates the prisoner's claims in advance of the hearing.

This is not the spirit in which a hearing should be ordered and it would be less than fair to the prisoner if these expressions should have the effect of handicapping the hearing before it is begun. The effect of these expressions would be even more unfortunate if their implications were adopted by district judges as a precedential guide in other cases.

Likewise, on the question of whether the presence of the petitioner at the hearing should be permitted, there is no occasion for the advisory remarks. The point was not made or debated in briefs or argument. The District Judge should be trusted to exercise his discretion without them. Indeed, if we were called upon to tell the District Court anything I should be inclined to say that in the circumstances here shown, it is hardly possible to conduct a fair hearing without permitting the petitioner to appear and testify to his version. Catalano v. United States, 298 F.2d 616 (2d Cir. 1962). The question involves what he understood and is peculiarly one on which his story needs to be heard.

Short cuts—through denial of hearings or curtailing them by determining contested factual issues in the absence of the petitioner—rarely achieve either just results or a real saving of time. Having concluded that the petition is not without substance, nothing less than a full inquiry will achieve a final disposition of the case.

The paramount teaching of the Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), is that the normal procedure for determining disputed facts is by a full hearing, not by barring the presence of one in a position to offer testimony crucial to the issue. The allegations here presented have not heretofore been considered in any hearing, so there is no basis here for reliance on earlier findings. We are told by the Court that in habeas corpus proceedings "the petitioner, and the State, [no less does this principle fit section 2255 proceedings] must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues." 83 S.Ct. 762, 9 L.Ed.2d 791. We should not give this direction a strained or niggardly application.