Joseph Will WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23376.

United States Court of Appeals
Fifth Circuit.

Oct. 10, 1966.

Aaron A. Foosaner, Miami, Fla., for appellee.

Before RIVES, BELL and THORN-BERRY, Circuit Judges.

PER CURIAM:

The District Court denied appellant's motion brought under 28 U.S.C.A. § 2255 to vacate his sentence. There was no hearing. Appellant is serving a ten year sentence on a plea of guilty to a charge of violating the narcotic laws. 18 U.S. C.A. § 371. The fair inference from his inartfully drawn pleadings is that two contentions were made to the District Court. First, his sentence is invalid because he was mentally incompetent when he entered the plea of guilty, and second, because of promises made by his attorney. We limit our review to these contentions.

These allegations, mere conclusions, are not supported by a single allegation of fact. There is some suggestion in a brief, filed in the District Court on a motion for reconsideration that appellant had "a history of being a narcotic addict", and there is also an allegation that he was not advised by the court of his right to request a mental examination. An allegation of a history of addiction, without more, is likewise a mere conclusion and is not a sufficient factual allegation to require a hearing. Also, without some indication of incompetency and none is alleged, there would be no occasion for the sentencing court to advise a defendant that he might request a mental examination. Thus there was no error in denying relief. Cf. Sanders v. United States, 1963, 373 U.S. 1, 83 S. Ct. 1068, 10 L.Ed.2d 148.

This is not to say, however, that appellant may not file an additional petition for relief alleging the underlying facts of his contentions if any he has. As examples of decisions where the allegations of fact have been found sufficient to require a hearing in the District Court on an allegation of mental incompetency, see Floyd v. United States, 5 Cir., 1966, 365 F.2d 368, [September 21, 1966]; Anderson v. United States, 5 Cir., 1962, 318 F.2d 815; Praylow v. United States, 5 Cir., 1962, 298 F.2d 792; Alexander v.

144

United States, 5 Cir., 1961, 290 F.2d 252, cert. den., 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed.2d 89; Brown v. United States, 5 Cir., 1959, 267 F.2d 42; Gregori v. United States, 5 Cir., 1957, 243 F.2d 48.

Affirmed.