UNITED STATES of America,
Plaintiff-Appellee,

v.

Eugene TRAMAGLINO, Defendant-
Appellant.

No. 296, Docket 23667.

United States Court of Appeals
Second Circuit.

Argued May 7, 1956.

Decided June 4, 1956.

Jerome J. Londin, Asst. U. S. Atty. for Southern Dist. of N. Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Eugene Tramaglino, defendant-appellant, pro se.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

In 1951 the defendant Tramaglino was convicted of violating the federal anti-narcotics laws and we affirmed the conviction, United States v. Tramaglino, 2 Cir., 197 F.2d 928, 932, certiorari denied Tramaglino v. United States, 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670, where we said that evidences of his guilt were so strong that "it is unbelievable that a rational jury would have acquitted." Thereafter he moved under 28 U.S.C. § 2255 to vacate his conviction and made and has pressed such extreme charges against all concerned, including government agents and the prosecution, of conspiracy to convict and duress exercised upon the witnesses that the district court leaned over backward to give him an unusually thorough hearing. So Tramaglino spent several months in New York away from the federal penitentiary in Atlanta, to which he had been committed, prosecuting this motion and conferring with his lawyers as to the filing of briefs. His hearing consumed 32 court days, with 83 witnesses heard and 95 exhibits introduced; he was given aid by counsel of his own choosing in substitution for court-assigned counsel to whom he objected; he also had court assistance in subpoenaing witnesses—and his witnesses were transported from distant places; he received copies of transcripts of the evidence; in short his rights were at all times meticulously safeguarded. After careful consideration of the lengthy record and the briefs submitted, Judge Leibell denied the motion in a 275-page opinion, analyzing the evidence with his usual care and completeness and finding the virulent charges wholly unproved. After this opinion there is literally nothing more to be said, though Tramaglino has filed a 475-page brief and 34-page reply brief to us and is engaged, as he says, in new proceedings in the district court which will be the subject of another appeal to us.

As Judge Leibell says: "Tramaglino is no ordinary criminal. He is smart, shrewd, and resourceful." Thus he knows how to make charges so wild (including those now directed against Judge Leibell himself) as to induce a concern for their refutation that otherwise he

would not command. But we find nothing in all this to challenge the judge's patient conclusion that this further extensive trial served to confirm, not disprove, Tramaglino's guilt. The prisoner has had much more than his day in court or than due process demands. His just conviction must stand.

Affirmed.