**Henry Grady POWER, Movant,**

**v.**

**UNITED STATES of America, Respondent.**

**No. Cr–353–S–60.**

United States District Court
M. D. North Carolina,
Salisbury Division.
March 10, 1961.

Henry Grady Power, pro se.

James E. Holshouser, U. S. Atty., Greensboro, N. C., for respondent.

EDWIN M. STANLEY, District Judge.

Henry Grady Power has moved under Section 2255 of Title 28 U.S.C.A., to vacate and set aside the judgment and sentence imposed on October 18, 1960, on the alleged ground that he was induced to enter a plea of nolo contendere by threats made by a Federal narcotic agent, and that the agent perjured himself when he testified that the movant had made a sale of narcotics to him. The movant is hereinafter referred to as "the defendant."

The grand jury returned a three-count bill of indictment against the defendant on October 7, 1960. The first two counts charged the defendant with unlawful sales of narcotic drugs on June 23, 1960, and the third count charged the unlawful possession of a quantity of narcotic drugs on June 24, 1960.

The defendant appeared before the court on October 17, 1960, represented by competent counsel of his own choosing, entered a plea of not guilty to the indictment, and signed a written waiver of trial by jury and special findings of fact. The defendant's counsel certified in the written waiver that the defendant, prior to the signing of the waiver, had been fully advised as to his rights under the Constitution and laws of the United States to a speedy and public trial by jury, his right to request special findings in a case tried without a jury, and that, in his opinion, the waiver signed by the defendant was voluntarily and understandingly made. The defendant's counsel then recommended to the court that the waiver be approved. The waiver was consented to by the United States Attorney and approved by the court.

The case came on for trial on October 18, 1960. The Government offered the testimony of Narcotic Agent Richard M. Patch, who testified concerning the purchase of narcotics from the defendant on June 23, 1960, and the defendant's unlawful possession of narcotics on June 24, 1960. Defendant's counsel cross-examined the Government witness, but the defendant offered no testimony. At the conclusion of the trial, the court for its verdict found the defendant guilty on all three counts in the indictment, which verdict was amply supported by the uncontradicted evidence. After hearing the defendant's plea in mitigation of punishment, concurrent six-year prison sentences were imposed on Counts 1 and 2. A suspended six-year prison sentence was imposed on Count 3, and the defendant was placed on probation for five years from the date of the completion of the active prison sentences imposed on Counts 1 and 2. The defendant was ordered to report to the United States Marshal on October 20, 1960, to commence the service of the active sentence.

The next communication from the defendant was on November 8, 1960, when a letter was received setting out the plight of the defendant's family and requesting that the active prison sentence

be reduced to five years. The defendant was written on the same date denying the request.

On February 20, 1961, the defendant's motion to vacate and set aside his sentence pursuant to the provisions of 28 U.S.C.A. § 2255, was received. The defendant attacks the concurrent sentences imposed on Counts 1 and 2, but does not seek relief from the probationary sentence imposed on Count 3. It is alleged that the probationary sentence "is a legal and just sentence since your petitioner is guilty of the possession of narcotic drugs."

With respect to the active prison sentences imposed on Counts 1 and 2, the defendant alleges that he was intimidated and threatened by the Federal narcotic agent "with 40 years" if he did not plead guilty and cooperate; that he was stripped naked by the narcotic agent for a period of three hours while he was interrogated, and was refused the right to call his attorney or members of his family during this period; that the narcotic agent "lied when he testified that your petitioner made a sale to him," and three witnesses were available who would testify that no such sale was made; that these facts were not brought to the attention of the court because of fear; that he had no idea that the agent would add the false charges of selling narcotic drugs, and these charges came as a complete surprise to him and his attorney; that he was sentenced to prison upon false charges because he was "led to believe that if he would plead nolo contendere, he would only be sentenced upon the charge contained in Count 3," which charged the unlawful possession of narcotic drugs; that no jury would have returned a verdict of guilty on Counts 1 and 2; and that a crime of this nature "should have been tried by a jury and not on a plea of nolo contendere since said plea of nolo contendere was caused by threats and duress by the Federal narcotic agent."

The defendant is either totally ignorant of what transpired at his trial, or else is guilty of deliberately misrepresenting the facts to the court. The latter is suspected, since the official files and records of the court conclusively show that the defendant has predicated his claim for relief upon many false statements. While it is true that the facts set out in the defendant's motion must be accepted as true as against an answer filed by the Government denying the allegations, "the trial judge is not compelled to accept as true statements in the motion which are contradicted by the files and records in the court." Pelley v. United States, 7 Cir., 1954, 214 F.2d 597, 599.

The defendant says that he was intimidated and threatened by the Federal narcotic agent, and thereby induced to enter a plea of nolo contendere to the indictment. The truth is that the defendant entered a plea of not guilty, not a plea of nolo contendere, and waived trial by jury. Even if the defendant was interrogated for three hours by the narcotic agent, and the court considers this allegation to be wholly incredible, the defendant made no confession or incriminating statements that were admitted in evidence against him. Consequently, such allegation, if established to be true, would afford no basis for relief.

The defendant says that he had no idea the Government would add the false charges of selling narcotic drugs, and that these charges came as a complete surprise to both him and his attorney. The truth is that the warrant upon which the defendant was arrested on June 24, 1960, charged him with the unlawful *sale* of narcotic drugs. The defendant and his counsel were furnished with a copy of the three-count indictment on October 17, 1960, the first two counts of which referred to the unlawful sale of narcotic drugs. The defendant, after conferring with his counsel, entered a plea of not guilty. The trial did not take place until the following day, October 18, 1960.

If the defendant contested any of the allegations in the indictment, including the allegations relating to the sale of narcotics, and if he had any witnesses to show that any of the charges were false,

**204**

he had ample opportunity to produce the witnesses and to prepare for his defense. No motion was made for a postponement or continuance of the trial. The evidence offered by the narcotic agent, which was not contradicted, established the guilt of the defendant on all three counts beyond any doubt. The defendant declined to offer any evidence.

The defendant now says that the alleged false testimony of the narcotic agent was not brought to the attention of the court because of fear. This accusation is too incredible to require discussion. Certainly there was no occasion for the defendant to fear anything after the sentence had been imposed. He was sentenced on October 18, but was given until October 20 to report to the United States Marshal and commence the service of his sentence. He had these two days to talk to his attorney and friends. It was only after the court refused to reduce the active prison sentence, and some four months after the trial, that the accusation was brought to the attention of the court.

■ It can fairly be said that the only allegations of substance are that the defendant was induced to enter a plea of nolo contendere by threats made by the narcotic agent, and that perjured testimony was used to convict him. As earlier noted, the defendant did not enter a plea of nolo contendere, but a plea of not guilty. There was no appeal from the judgment and sentence imposed by the court, and it is universally held that collateral attack cannot be employed in lieu of appeal. Dockery v. United States, 4 Cir., 1956, 237 F.2d 518; Taylor v. United States, 4 Cir., 1949, 177 F.2d 194; Caviness v. United States, 4 Cir., 1955, 226 F.2d 216; and United States v. Jakalski, 7 Cir., 1959, 267 F.2d 609.

■ With reference to the allegation that perjured testimony was used, it is well settled that it is not only necessary to show that the testimony was perjured but also "that the prosecuting officials knew at the time such testimony was used that it was perjured." Black v. United States, 9 Cir., 1959, 269 F.2d 38, 43; Taylor v. United States, 8 Cir., 1956, 229 F.2d 826. There is not even a suggestion that the prosecuting officials had knowledge of any perjured testimony.

■ Movants in cases of this type are burdened with the necessity of alleging facts which, if proven, would warrant the relief sought, and such allegations must be particularized and be beyond mere conclusions. Since the files and records in this case, supported by the independent recollection of the trial judge, conclusively show that the defendant is entitled to no relief, there is no occasion for a hearing, and this memorandum opinion will constitute findings of fact and conclusions of law with reference to the allegations contained in the motion.

It is concluded that there has been no denial or infringement of any of the constitutional rights of the defendant as to render the judgment and sentence imposed against him vulnerable to collateral attack, and that there have been no allegations, not contradicted by files and records of the court, which, if proven, would justify the court in vacating the judgment and sentence or awarding the defendant a new trial.

### Order

For the reasons set out in the above memorandum opinion, which constitutes findings of fact and conclusions of law, it is Ordered, Adjudged and Decreed that the motion of the defendant to vacate and set aside the judgment and sentence, or to award a new trial, be and the same is hereby denied.