Peyton M. DAUGHTRY, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 1601.

United States District Court
E. D. North Carolina,
Raleigh Division.

Dec. 2, 1964.

Peyton M. Daughtry, pro se.

Robert H. Cowen, U. S. Atty., by Gerald L. Bass, Asst. U. S. Atty., for respondent.

LARKINS, District Judge:

## SUMMARY

This cause comes before the Court upon a *motion to vacate and set aside judgment* pursuant to Title 28 U.S.C.A. § 2255, the same being filed in forma pauperis. The Petitioner filed his original motion on July 17, 1964, and entitled it, "Motion for Reduction of Sentence". Rule 35, Federal Rules of Criminal Procedure, prevented the Court from treating the motion in that form, the sixty day limitation for the trial court's reconsideration of sentences having expired at the time the motion was filed, therefore, this Court elected to treat that motion as a motion to vacate.

Petitioner, on September 26, 1964, filed with this Court, further motions which are treated as amendments and supplements to his original motion. The Respondent joined issue upon filing answer to each of Petitioner's respective motions, it praying that the relief Petitioner seeks be denied.

Petitioner sets forth the following allegations as grounds for the relief he seeks: (1) he did not wilfully take part in the crime for which he is charged; (2) he was influenced by investigating officers' statements that he would receive less time if he pleaded guilty. In Petitioner's additional motion, filed on September 26, 1964, he sets forth the following additional allegations: (3) he was questioned prior to arrest on several occasions; (4) upon being arrested with a proper warrant, Respondent's officers searched his house without permission and without a search warrant; (5) his attorney was restrained from conversing

with defendant for some two hours after he was taken into custody; (6) he was coerced into confessions and admissions by being questioned prior to the time he was actually arrested.

### FINDINGS OF FACT

Petitioner was indicted by a Federal Grand Jury on November 4, 1963, for the robbery of the Bank of Varina, Fuquay Springs, North Carolina. A co-defendant, Richard Sympol Townes, Jr., was also indicted for his participation in the robbery of the bank. The Petitioner's case was set for trial in New Bern, North Carolina, on November 14, 1963. On that date, Petitioner appeared in Court with an attorney of his own choosing and the case was called for arraignment. The nature of the charges and the maximum penalties provided by law were explained to Petitioner. He then, by his attorney of choice, entered a plea of guilty to robbing, by force and violence, the Bank of Varina, Fuquay Springs, North Carolina, in violation of the provisions of Title 18 U.S.C.A. § 2113(a).

It is to be noted that at both arraignment and trial, as well as at the probable cause hearing before the United States Commissioner in Raleigh, North Carolina, the Petitioner was represented by counsel of his own choosing. Also, the Petitioner did not state or infer, nor did his attorney, that Petitioner's constitutional rights had been violated during the investigation or trial of the case.

There is no claim, nor is there any evidence to indicate that he was not adequately represented by counsel.

It is to be further noted that when the Petitioner gave a statement to the F.B.I. agents, wherein he implicated himself in the offense charged, Petitioner requested the interview and had conferred with counsel on more than one occasion prior to such interview. In spite of these facts, he was yet again advised of all his constitutional rights pertaining to his right to the aid of counsel, and to the use of the statement he was about to give. It was at this time, and upon Petitioner's own request, that he was interviewed and there made admissions which he later refused to acknowledge in writing.

Petitioner was questioned on two occasions prior to the above interview in which he made the admissions. The prior questionings were made before his arrest and he submitted to them voluntarily. Petitioner admits, in his pleadings, that he was advised that he did not have to submit to the questioning, that he had the right of counsel. He did not, in the first two interviews, in fact, admit any knowledge of the offense.

It is also admitted by the Respondent that upon the arrest of Petitioner, that immediately after reading the warrant to him, he was placed under arrest, and his house was searched although the warrant did not expressly provide for such search.

There is no evidence that his attorney was restrained from talking with Petitioner. He was taken before the United States Commissioner for a probable cause hearing immediately upon being arrested. Two hours after this initial appearance before the Commissioner, Petitioner was permitted to confer with his attorney. The hearing itself was not held until the following week, wherein Petitioner was represented by his counsel.

Petitioner sets forth no evidence, nor does he state one fact indicating any attempt to coerce or intimidate him. In fact, the record indicates that the F.B.I. agents were treating Petitioner with all due regard for his constitutional rights. The allegation of coercion is further shown to be completely without foundation when it is noted that it failed for the reason that Petitioner did not succumb to it. He made no statement, nor did he admit anything until his co-defendant signed a statement directly implicating Petitioner, this statement being signed by his co-defendant after both were arrested and confined.

Petitioner submits a letter by way of his former counsel in which he contends that he was forced, at gun point by his co-defendant, to consume a great quantity of non-tax-paid liquor. He further

contends that by so doing, he was rendered incapable of exercising his free will at the time the crime was committed. Petitioner did not advise his counsel of this before trial, nor did he raise this issue or make it known to the Court when it made inquiry for any information which Petitioner or his attorney might think the Court should have.

The only means by which Petitioner seeks to substantiate this last contention is by corroborating it by the same tale as he told it to his wife, preacher and attorney. In each instance, the story is merely self-serving and totally unsubstantiated by any statement of fact. This is evidence adduced for the first time after the conviction and it is lent substance only by means of Petitioner's own contentions.

### CONCLUSIONS OF LAW

■■ The first duty of the Court, when questions and allegations of the nature such as these are put before it, is to determine what it can give credence to, what can be believed. The courts have standards to follow in order to make this task less difficult, and in order to give the courts continuity in their deliberations. In an action such as this, the burden is upon the Petitioner to prove by a preponderance of the evidence, those contentions he sets forth as depriving him of his constitutional and lawful rights guaranteed thereby. See Aiken v. United States, 191 F.Supp. 43 (M.D.N.C.1961), affirmed 296 F.2d 604 (4th Cir., 1961). See also Starks v. United States, 264 F.2d 797 (4th Cir., 1959), all standing for the proposition that the Petitioner has the burden of setting forth contentions which are worthy of belief.

■■ It is important in this connection to note that in overcoming the presumption of regularity in a court proceeding, the Petitioner must set forth facts with sufficient particularity so as to make them appear more than mere conclusions, thereby warranting their belief. Power v. United States, 192 F. Supp. 201 (M.D.N.C.1961). When Petitioner's contention that he did not wilfully participate in the robbery is examined in this light, then it is indeed difficult to give it such weight as to find it able to support a plenary hearing. He puts before the Court no actual evidence of drinking, or coercion by his criminal co-defendant, or that he was drunk or believed drunk, at the time of the robbery. If this were a contention put to the test before the time this petition was developed, then it might have some credence, but this is, in fact, self-serving evidence adduced for the first time only after his conviction and sentence. It is lent credence only by those who have heard the tale from him, and this Court cannot operate on such flimsy contentions. See Miller v. Warden, 338 F.2d 201, 4th Cir., decided October 29, 1964, on page 6; and Post v. Boles, 332 F.2d 738 (4th Cir., 1964).

■ The weight that is given the first contention is likewise to be given the second. Petitioner asserts that he was influenced into his present position by a promise of a lighter sentence. The facts, *set forward by Petitioner*, however, do not indicate when he heard this inducement, or just what it induced him to do, plead guilty or make his admission. His contention is given even less weight when the facts indicate that he entered a plea of guilty with the advice of counsel of his own choosing.

If the contention is aimed at his admission, then we are confronted with the fact that it was made at an interview voluntarily requested by Petitioner, and after consulting with his counsel. Finally, it is noted that no use is made of the admission because Petitioner was convicted upon his plea of guilty. Starks v. United States, supra.

■ Petitioner alleges that he was arrested upon a proper warrant but his house was then searched without a warrant in violation of the Petitioner's constitutional rights. There is substantial authority to the effect that arresting officers may continue and search the premises upon making the arrest, but that

question is not reached here for it has no application to the question at hand. If, for the sake of argument, Petitioner had had his rights violated, then he is seeking redress in the wrong manner, as no alleged evidence was used therefrom due to the fact that Petitioner was sentenced upon his plea of guilty. This matter is unrelated to the purposes for which a collateral action such as this is designed. See United States v. Sobell, 314 F.2d 314 (2nd Cir., 1963); and Starks v. United States, supra.

 The other contention worthy of any consideration is that enumerated (5). Here Petitioner alleges that his attorney was restrained from seeing him for two hours after the arrest. Considering the fact that the attorney wasn't called until after the arrest; and the fact that Petitioner alleges that he made no comment prior to conferring with his attorney, except, get to the truth; it is difficult to see where any prejudice was done Petitioner. He admits talking with counsel two hours after he was taken into custody.

Contentions (3) and (6) are totally without substance. He was questioned, but his own pleadings admit that he was not coerced in any fashion, and that he voluntarily went with the agents after they asked him to do so. He also admits being advised that he did not have to go or talk with the agents, and that he was entitled to counsel.

Petitioner has attempted to set forth facts which might bring him under the rules of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Escobeda v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). He, in fact, does so in that his factual situation shows how the Courts have insisted that arresting officers function within the framework of the Constitution, and that they can do so effectively. Petitioner sets forth facts sufficient to show that the F.B.I. conscientiously fulfilled its duty with meticulous care.

**ORDER**

Therefore, it is ordered that Petitioner's motion to vacate and set aside the judgment be, and the same is hereby denied.

It is further ordered that Respondent's prayer for a denial of the motion be, and the same is hereby allowed.