John Knox **WEBSTER**

v.

Captain L. F. **DAIL**, Superintendent, State Prison Camp No. 027, Clinton, North Carolina.

Civ. No. 1743.

United States District Court E. D. North Carolina, Raleigh Division.

Sept. 17, 1965.

---

John Knox Webster, pro se.

T. Wade Bruton, Atty. Gen., of N. C., by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

LARKINS, District Judge:

This cause comes before the Court upon a petition for a writ of habeas corpus filed in forma pauperis by a State prisoner pursuant to the provisions of Title 28 U.S.C.A. § 2254. Issues were joined upon respondent filing Answer and moving the petition be dismissed.

The grounds upon which petitioner bases his allegations that he is being held in custody in violation of the Constitution of the United States are:

(1). "The trial judge was prejudiced against me and the Judge made a public example out of me by his own addmission [sic] to the court, just prior to passing sentence upon me.

\* \* \* \* \* \*

"The statement reads [the alleged prejudicial statement of the trial court]: Now it is the unpleasant duty to impose sentence on this defendant. We don't like to do it. He's been punished from one angle, but it is not a case of punishment so much as it is to let others know that they cannot commit these kinds of acts. It is an example to the public."

(2). "I was told by the chief deputy sheriff, Mr. George Fontane that my witnesses could not be located which forced me to change my plea of not guilty, to guilty."

## FINDINGS OF FACT

Petitioner was apprehended and charged with the offenses of felonious kidnapping, and with murder in the first degree in early 1952. He waived preliminary hearing and was bound over to the Superior Court of Forsyth County. The Grand Jury at the March Term, 1952, of the Superior Court of Forsyth County returned three (3) true bills of indictment against petitioner.

Case No. 7955 charged him with the felony of kidnapping Carolyn Edwards. Case No. 7956 charged him with the felony of kidnapping Hazel P. Fisher, and the Bill of Indictment in Case No. 7957 charged petitioner with the murder of Grover Cleveland Mauldin with a deadly weapon.

On March 3, 1952, the Honorable Harvey A. Lupton, an able and experienced trial attorney, was appointed by the court to represent petitioner. Petitioner's counsel, upon arraignment which followed, entered a plea of not guilty to the charges in all cases pending against the petitioner.

On the following day, March 4, 1952, petitioner was committed to Baptist Hospital, Winston-Salem, North Carolina, for psychiatric examination. This motion for commitment and study was made by petitioner's counsel, the same being allowed.

Upon the completion of the psychiatric examination, petitioner conferred frequently with his counsel concerning the charges against him and the evidence pertaining thereto. Counsel noted the State's case was one of aggravated murder in the first degree and of kidnapping two young women with the threatened use of a loaded pistol.[1]

After conferring with petitioner and advising him concerning his situation, and after having subpoenaed all witnesses petitioner requested, counsel was advised by petitioner of his intention to enter a plea of guilty to the offenses of murder in the second degree and to the kidnappings.

It is to be noted that at no place in the petition does there appear any criticism or complaint concerning the conduct of the court-appointed counsel. The petition, response and record, in fact, indicate the contrary, that counsel properly and effectively went about representing petitioner according to all proper standards.

The court accepted the guilty pleas and rendered judgment. Petitioner was sentenced to a term of imprisonment of not less than twenty-eight (28) nor more than

1.

Office of the
SOLICITOR
Eleventh Solicitorial District
State of North Carolina
Winston-Salem, N.C.
Alleghany County
Harvey A. Lupton Ashe County
Solicitor Forsyth County .
March 31, 1962
Honorable T. W. Bruton
The Attorney General
Raleigh, North Carolina
Dear General Bruton:
Attention: Mr. Brown

This is in reference to the prisoner John Knox Webster, whom I represented in 1952, at which time he was charged with first-degree murder and two cases of kidnapping. The evidence against Webster presented an aggravated case of first-degree murder. In the kidnapping cases, Webster, with the threatened use of a loaded pistol, forced two women to drive him from Winston-Salem to Wilmington.

I spent many days in preparation of the cases for trial. I interviewed every person who had any information concerning the matter and had subpoenas issued for every person whose testimony would be helpful to the defendant. The subpoenas were served by the Sheriff on all of the witnesses and they were present at the trial. The pleas were entered at Webster's request. He was highly pleased that these pleas were accepted. I felt that the best possible results were obtained for him. After sentence was imposed, Webster wrote a statement which he gave to a newspaper reporter for publication. A copy of the statement is attached.

If you feel that I can furnish any additional information, please advise.
Yours very truly
(s) Harvey A. Lupton
Harvey A. Lupton

Hal:r
Encl.

thirty (30) years incarceration in Case No. 7957 (the murder charge). In Case No. 7955 (kidnapping), he was sentenced to a term of incarceration of not less than ten (10) nor more than fifteen (15) years, the sentence to begin upon the expiration of the sentence imposed in Case No. 7957. In Case No. 7956 (kidnapping), he was sentenced to a term of incarceration of not less than five (5) nor more than eight (8) years, the sentence to begin upon the expiration of the sentence imposed in Case No. 7957. Petitioner is also faced with a sentence of one (1) year incarceration, service to begin upon the expiration of all the above sentences. This offense was escape, and petitioner entered a plea of guilty (Superior Court of Pitt County, March Term, 1960, Case No. 7353). After being sentenced in March 1952, petitioner made a statement to the newspapers of Winston-Salem.[2] In this statement, he expressly pointed out the competence and fairness of both the trial court and his defense counsel. The statement clearly indicates that he was grateful for being permitted to enter his guilty plea. He makes no mention of being denied witnesses on his behalf, nor does it appear that he felt coerced into pleading guilty by the lack of them. Petitioner has also failed to, in any way, indicate how the denial of the availability of these two witnesses would have affected his case. He does not state what they would have testified to or how any testimony from them would have born upon testimony of other witnesses interviewed and subpoenaed by petitioner's counsel.

## CONCLUSIONS OF LAW

At the very outset the Court notes that respondent makes reference to a letter submitted to it by petitioner's trial counsel. This letter was actually written in

2. TEXT OF WEBSTER'S STATEMENT

*Following is the text of the statement issued last night by John Webster after he had been sentenced earlier in the day for murder and kidnaping:*

To the citizens of Forsyth County:

I wish to take this opportunity in offering my sincere thanks to the officials of this great and wonderful city for the wonderful and humane treatment that was extended to me during my recent period of incarceration while awaiting trial for 'murder' and 'kidnaping.'

I wish to thank the court from the depths of my heart for allowing me the honor of being defended by an honest and justice-loving man, Mr. Harvey Lupton. I and my family sincerely believe that his utmost efforts were exhausted in my behalf from the moment of his appointment until judgment was passed on me by the court at the end of my trial today. Thank you, Mr. Lupton, and may God bless you and your family. I know that they are proud of you.

I also wish to thank Mr. Johnston (Solicitor Walter E. Johnson) and the Honorable J. A. Rousseau (the presiding judge) for accepting my plea of guilty to a charge of 'second degree murder,' thus giving me a hope of regaining my freedom in the future. My thanks also go to Mr. Henry Carter detective of the Winston-Salem Police Department) for his outstanding work and efforts spent in my behalf as well as the State's. He is indeed a credit to the police department of Winston-Salem.

I am not a 'murderer.' I killed to keep from being killed. You would have done the same.

*As to the kidnaping, I cannot explain that.*

Citizens, Mrs. Evelyn Mauldin, widow of Grover Cleveland Mauldin, who was killed by Webster, stands innocent of any charges before man because she was forced into something sordid which she had no other choice other than to submit to.

I have met her family and I can truthfully say that they are firm believers in God and are just good and honest church working folks. So citizens, please, before you pass judgment on Evelyn, think, think, it could have been someone dear to you 'forced' and I mean just that, forced to violate the commandments of God.

I stand convicted of "murder" but even if I were a "spectator" and knew the full story, I would say this, Evelyn was an unwilling victim of unfortunate circumstances.

Again I offer my sincere thanks to one and all for a very fine display of justice.

Maybe some day I will be allowed to return to my family and friends, and try to rebuild the shattered remains of my life. I am not a 'murderer.'

JOHN WEBSTER

reference to a prior collateral proceeding instituted by petitioner in 1962. The Court notes petitioner was, therefore, fully cognizant of the letter's existence and content.

In like manner, respondent makes direct reference to the news release given by petitioner to the local Winston-Salem press directly after his trial and sentencing. This press release was also before the courts in a prior collateral proceeding.

 Petitioner has noted his prior proceedings in his present petition, and the Court feels free in making the record for this case to refer to evidence submitted in them, whether State or Federal collateral proceedings. The Court is not restricted to documents submitted by petitioner, and to the response. Harris v. State of North Carolina, 240 F.Supp. 985 (E.D.N.C.1965) and cites therein.

 Upon examining all the record, including the petition, response and the record established in prior collateral proceedings, and the Court noting that the burden is on the petitioner, the Court concludes he has failed to establish grounds entitling him to relief. See Sturrup v. United States, 218 F.Supp. 279 (E.D.N.C.1963); United States v. Rozanc, 210 F.Supp. 900 (W.D.Pa.1962); Power v. United States, 192 F.Supp. 201 (M.D.N.C.1961); and United States v. McNicholas, 298 F.2d 914 (4th Cir., 1962).

The Court in determining how far this burden goes, refers to United States v. McNicholas, 298 F.2d 914 (supra, 1962), wherein a full adversary hearing was denied a petitioner. The Circuit Court said: "It is inconceivable to this court that Justice Roberts (when speaking for the Supreme Court in Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941)) intended to hold in the Walker case that every frivolous, absurd and reckless allegation of fact required the District Courts to set in motion the full machinery of a formal adversary hearing."

In Machibroda v. United States, 368 U. S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473

(1962), the petitioner's allegations were directly contested by opposing affidavits. The Supreme Court stated the factual issues were not conclusively determined under a circumstance of counter-affidavits only.

The instant case may be likened to Machibroda as to the content of the petition alleging facts in direct opposition to those indicated by the letter of his defense counsel of 1952. This case is materially different, however, when the substance of petitioner's voluntary statement to the press clearly refutes the substance of all petitioner's contentions and supports the letter of his counsel.

It is to be remembered that all about which petitioner complains, occurred while petitioner was represented by court-appointed counsel, the able and experienced Harvey Lupton, Esquire, of the Forsyth County Bar. Counsel found no fault, and petitioner did not find fault with counsel, then or now.

In the light of the record, therefore, it is difficult to accept petitioner's allegations as being true. The Court gives them full weight, however, and still finds them insufficient to carry the burden. See United States v. Sobell, 142 F.Supp. 515 (S.D.N.Y.1956) affirmed in 244 F.2d 520; and United States v. Tramaglino, 234 F.2d 489 (2nd Cir., 1956).

 It is noted that petitioner's prayer for relief in this case demands his full release. In this respect, the Court notes petitioner is presently incarcerated on the murder charge and that the two kidnapping charges, as well as an escape charge, are also to be served by him. This Court may not have authority to impose jurisdiction over all these offenses, either one or all of the three to be later served. But if it could grant this writ as to all the indictments on grounds that the convictions were unconstitutional, that determination would not preclude a new arraignment and trial in the State Courts, or the taking of steps by the State Courts to hold petitioner in custody or under bail pending new trials. United States v. Myers, 329 F.2d 856 (3rd Cir., 1964).

It is the conclusion of the Court that the petition, files and records of the case, conclusively belie petitioner's contentions, and that his grounds are frivolous and without merit.

## ORDER

Therefore, it is ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that respondent's motion to dismiss be, and the same is hereby allowed.

It is further ordered that the Clerk serve a copy of this opinion and order upon The Honorable Thomas Wade Bruton, Attorney General for the State of North Carolina, Raleigh, North Carolina; Capt. L. F. Dail, Superintendent, State Prison Camp No. 027, Clinton, North Carolina; and petitioner, John Knox Webster, State Prison Camp No. 027, Clinton, North Carolina.