Ricardo CRUZ RIVERA, Petitioner,
Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 6449.

United States Court of Appeals
First Circuit.

Feb. 24, 1965.

Ricardo Cruz Rivera, pro se, on motion for appointment of counsel, etc.

Before ALDRICH, Chief Judge, and WOODBURY, Senior Circuit Judge (by designation).

ALDRICH, Chief Judge.

The petitioner was indicted on March 1, 1962 on two counts for narcotic offenses. He was arraigned on March 16, pleaded not guilty, and was bailed. After July 27, however, he was confined because unable to make bail on an unrelated matter. Trial was set for October 2d. On October 1 petitioner appeared accompanied by counsel known to this court as able and experienced in criminal matters, who stated that petitioner wished to change his plea on Count 1. Counsel said in open court that he had explained to petitioner the nature of the charges, and the consequences under Count 1, namely, that for a first offense the penalty was 2 to 10 years, for a second 5 to 20 years, and for a third 10 to 40. Counsel stated that petitioner had understood his explanation, and that no promises had been made or coercion exercised. The petitioner responded that this was correct. He then changed his plea to guilty on Count 1.

On October 19 petitioner appeared for sentence. He orally acknowledged two prior narcotic convictions. Asked if he wished to say anything regarding sentence, he replied, "Only that I have used a great many drugs, and I have never been hospitalized, Your Honor. I have never been afforded treatment." The court thereupon imposed the minimum sentence for a third offender, adding that since petitioner was represented to be a drug addict the court recommended that he be submitted to treatment and

cure at such institution as the Attorney General should designate.

On October 2, 1964, appearing pro se and in forma pauperis, the petitioner moved under 28 U.S.C. § 2255 that his conviction be set aside, and that he be permitted to change his plea to not guilty, or that, in the alternative, the Attorney General be directed to furnish petitioner "treatments and cure of his drug addiction." The petition was accompanied by a memorandum of law, but otherwise consists solely of petitioner's brief affidavit, "I am a Dope Addict, and have been for a period of 12 years. I was under the influence of drugs at the time of my arrest, conviction and sentencing. I did not understand the nature and seriousness of the charges against me." Petitioner added that he had been in the penitentiary for two years and had received no treatment. The district court denied the petition out of hand as without substance in the light of the record, in reliance upon Navedo Santos v. United States, 1 Cir., 1962, 305 F.2d 372. Petitioner now appeals, and requests the appointment of counsel.

▆▆▆▆ We note at the outset that petitioner's statement that he has received no treatment for his addiction has nothing to do with the validity, or viability, of his plea and conviction. His plea was in no way dependent thereon. The sole question is whether the petition is sufficient, in the light of matters of record, to warrant a hearing, or factual review, of petitioner's conclusory allegation with respect to his failure to "understand the nature and seriousness of the charges."

We find the petition wholly inadequate to raise an issue of fact. In addition to the unlikelihood that experienced counsel would fail to notice a personal condition such as petitioner alleges, and would permit him to plead, it is highly unlikely that petitioner, while in jail, would have access to narcotics so that he could have been "under the influence" of drugs on October 1, and again on October 19. Some basis for supposing this to be so, other than the bare statement that he was under the influence, must be furnished. It is even more unlikely that petitioner would have been so under the influence that, as a third offender, he would not have understood the nature and consequences of the offense, and of a plea of guilty, even had it not been fully stated to him in open court. There was a heavy factual burden upon petitioner.

▆▆▆▆ Section 2255 proceedings are not provided as a pastime, but are serious matters. Petitions containing manifest perjury, or otherwise displaying manifest bad faith, should be brought to the attention of the parole authorities as part of the prisoner's record. Petitions such as this one, containing nothing but unsupported conclusions, are not worthy of the attention of anyone. No purpose could possibly be served by the appointment of counsel. The appeal will be dismissed under our Rule 25(3) as devoid of merit on its face.