**James Charles DIXON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 708.**

United States District Court
S. D. Georgia,
Dublin Division.

Oct. 17, 1968.

James C. Dixon, pro se.

Richard C. Chadwick, Asst. U. S. Atty., Savannah, Ga., for defendant.

# 1160

## ORDER

LAWRENCE, District Judge.

Petitioner in the above styled action came before this Court on December 11, 1967 and entered a plea of guilty to the charge of violation of Title 18, § 2113(d), United States Code, for which offense petitioner received a twenty-five (25) year sentence. Petitioner now comes before this Court and presents his Motion to Vacate and Set Aside Sentence pursuant to Title 28, § 2255, United States Code. Petitioner alleges

(1) That he was improperly sentenced when, in reading the indictment, Judge Frank Scarlett referred to the charged offense as arising under Title 18, § 2313 (d), United States Code, instead of under § 2113(d) and,

(2) That he was mentally incompetent when the guilty plea was entered and was, therefore, incapable of knowingly and understandingly entering such plea.

Directing its attention to petitioner's first contention this Court finds it to be totally frivolous. The sentencing Judge read each of four counts of the indictment, each count arising under a different subsection of Title 18, § 2113, United States Code, and in reading each count he recited the pertinent code section. In the last count the applicable code section was inadvertently referred to as § 2313 instead of § 2113. In light of the entire proceeding there is no doubt or ambiguity as to which code section was involved.

The present sentence is not unclear and is certainly not illegal within the meaning of Rule 35, Federal Rules of Criminal Procedure, which governs the present proceeding. Petitioner's motion as to contention number one is hereby denied.

Petitioner's contention number two to the effect that he was mentally incompetent and, therefore, unable to knowingly enter a plea of guilty makes little impression upon this Court. There is nothing in the record to indicate petitioner's incompetence with the exception of certain statements by the sentencing Judge to the effect that the petitioner must have been crazy to have committed the confessed crime. Although this Court sees nothing in the record that would require a hearing on the matter of petitioner's sanity, it decided on the basis of the decision handed down by the Fifth Circuit Court of Appeals in the case of Praylow v. United States, 298 F.2d 792, to return petitioner to this District for psychiatric examination and further testimony if necessary. Petitioner was presented to the psychiatrist but refused to cooperate or disclose any information upon which the doctor could determine his mental condition. Petitioner refused to answer, maintaining that he was entitled to have the Court appoint him an attorney.

Attorneys are appointed in § 2255 proceedings solely at the discretion of the Court and there is no right to such representation. It is only where the factual or legal circumstances are complex and involved and the prisoner would be unable to present his own defense that the Court should exercise this discretion. See Dillon v. United States, 9 Cir., 307 F.2d 445. There is no such complex legal or factual situation involved here.

Petitioner, by refusing to cooperate, has failed to prosecute his own motion and has thwarted the Court's inquiry process. It is not incumbent upon this Court nor would it be possible in the present situation for the Court to force prosecution of a civil suit where the plaintiff is unwilling. Here, even though petitioner's claim appears to this Court to have little merit, he has been given every opportunity to support his contentions and has resisted the orderly administration of justice in what appears to be a rational manner.

For the foregoing reasons, to wit: petitioner's failure to prosecute and failure to comply with this Court's orders, his motion to vacate and set aside sentence is hereby dismissed with prejudice.