Joe Charles NIX, Movant,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 1057.

United States District Court, E. D. Tennessee, Winchester Division.

May 27, 1971.

G. Edward Friar, Nashville, Tenn., and Joe Charles Nix, for movant.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a motion by the movant Mr. Nix, in custody of representatives of the respondent pursuant to the judgment of this Court in United States of America v. Jessie Kenneth McKenney, et al., criminal action no. 1399, this division, to vacate and set aside the sentence imposed upon him therein on August 10, 1966. Mr. Nix claims that he was mentally incompetent before, during and after that trial, because he had suffered from mental blackouts following an injury to his head in November, 1965. It follows that he is claiming that he was denied a fair trial in violation of the Constitution, Fourteenth Amendment, and that his sentence was accordingly illegal. 28 U.S.C. § 2255.

There was exhibited with Mr. Nix's motion an unverified statement of Mr. Scotty Hanks that he was with Mr. Nix in November, 1965, when the latter's head was injured in an accident. The Court permitted Mr. Nix to proceed in forma pauperis on the basis of his affidavit. 28 U.S.C. § 1915(a). As it then appeared that an evidentiary hearing might be required to adjudicate the issue Mr. Nix was attempting to raise, and the interest of justice requiring, 18 U.S.C. § 3006A(b), counsel was appointed for him.

Appointed counsel filed a petition on April 14, 1971 asking that the Court order expert services by way of a physician and a psychiatrist to examine Mr. Nix, as one who is financially unable to obtain such services, 18 U.S.C. § 3006A(e). Appended to this application were the affidavits of two persons. The purport of each such affidavit was that each has " * * * certain facts * * * " that will " * * * be of great value * * * " to the movant, and that each would testify as to these facts herein.

The pursual of this matter to this point has produced no factual allegations to support Mr. Nix's bare conclusory allegation that he was unable to understand the proceedings against him in his criminal trial. Mr. Nix testified at his criminal trial, first, upon the Court's hearing as to the voluntariness of his confession, and secondly, before the jury in the trial itself. He was aware at the time of his testimony that he was then under sentences aggregating 17 years. He presented evidence of an alibi. He was represented at all times by appointed counsel and appeared to answer all questions put to him intelligently.

On March 29, 1969 Mr. Nix made a motion for a new trial on the basis of newly-discovered evidence. His same counsel represented him also in this matter. Then, as now, Mr. Nix implored the Court to grant him a hearing without identifying any witness through whose testimony he would offer new evidence discovered since the criminal trial. This motion was dismissed as being frivolous. Memorandum opinion and order therein of October 28, 1969. At that time or before Mr. Nix made no mention of insanity. There was no history of insanity in either Mr. Nix or his family reflected in the presentence report.

This Court is now of the opinion that Mr. Nix is not entitled to proceed in forma pauperis or under the provisions of the Criminal Justice Act. " * * * Before petitioner was entitled to so proceed and to have a hearing on his motion he should have supported his claim of insanity by factual allegations. The bare allegation or conclusion of insanity was * * * insufficient. * * * " Hartman v. United States, C.A. 6th (1962), 310 F.2d 447, 448 [3].

Accordingly, this Court's order of February 3, 1971, authorizing Mr. Nix to commence and prosecute this proceeding without prepayment of costs or fees or the giving of security therefor, and order of February 17, 1971, appointing G. Edward Friar, Esq. to represent Mr.

Nix further * herein, hereby are vacated; and, upon a further consideration of the motion herein and the files and records of the aforementioned criminal action, it is the opinion of this Court that it is now shown conclusively that the movant is entitled to no relief. 28 U.S.C. § 2255. Judgment will enter to that effect. Rule 58, Federal Rules of Civil Procedure.

---

* That portion of such order which will support compensation for Mr. Friar's representation of the movant to this point will remain in effect. 18 U.S.C. §§ 3006A(b), (d).